IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>  vs.<br><br>V. STEVEN BOOTH and LOUISE Q. BOOTH,<br><br>    Respondent. | No. CV-F-05-290 REC/DLB<br><br>ORDER FINDING RESPONDENTS TO BE IN CIVIL CONTEMPT OF COURT, DIRECTING ISSUANCE OF BENCH WARRANT FOR RESPONDENTS' ARREST BY THE UNITED STATES MARSHAL SERVICE, DIRECTING UNITED STATES MARSHAL TO BRING RESPONDENTS BEFORE THE COURT, ORDERING RESPONDENTS CONFINED IN THE FRESNO COUNTY JAIL, AND ORDERING RESPONDENTS TO PAY COMPENSATORY FINE TO THE UNITED STATES |

Respondents V. Steven Booth and Louise Q. Booth were ordered to appear on August 22, 2005 at 1:30 p.m. and show cause why they should not be found in civil contempt of court.

No appearance by or on behalf of respondents was made. Upon due consideration of the record in this action and for the reasons set forth herein, the court finds respondents V. Steven

1

Booth and Louise Q. Booth to be in civil contempt of court and issues the sanctions set forth herein.

**1.    Background.**

The United States Magistrate Judge filed on May 10, 2005 a recommendation that the IRS summons issued against the respondents be enforced and that respondents be ordered to appear at a hearing for the purpose of complying with the summons, during which hearing the validity of any claim of the privilege against self-incrimination to questions posed to the respondents or to documents subject to summons also may be determined.

On May 19, 2005, respondents filed a "Notice of Appeal of Magistrates Findigs [sic] and Recmmendations [sic] Re: Tax Summons Enforcement, and Order re: Privilege Logs."

By Order filed on May 25, 2005 (hereinafter referred to as the May 25 Order or the Summons Enforcement Order), the court deemed respondent's notices of appeal filed on May 19, 2005 to be objections to the Magistrate Judge's recommendation pursuant to Rule 72-303(b), Local Rules of Practice.  The May 25 Order enforced the IRS summons and ordered respondent to appear on June 17, 2005 at 12:30 p.m. in Courtroom 5

> there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons.  The examination shall continue in the same place on July 11, 2005, at a time to be set in writing by Revenue Agent Chynoweth or his designee.  At the hearing before Magistrate Judge Beck, any issues regarding the Fifth Amendment privilege against self-incrimination will be ruled on by Magistrate Judge Beck and the

2

1       hearing will proceed.

2   Respondents then filed a pleading captioned "Notice of Acceptance as True, Returning as True and Firing in Response to United States District Judge's Order Dated May 23, 2005 and In Support of Appeal of United States District Judge's Order Dated May 23, 2005" wherein it is stated in pertinent part:

> By special appearance, only and not intended to constitute an express nor implied waiver of any and all Rights, privileges or otherwise that may exist.
>
> Secure party also referred to as general trustee for [named respondent], notifies the court for purposes of closure and settlement of the account that the 'Order Deeming Respondent's 'Notice of Appeal of Magistrates Findings [sic] and Recommendations [sic]' To Be Objections to Findings and Recommendation; Enforcing IRS Summons and Directing Respondent to Appear on Friday, June 17, 2005 at [specified time] in Courtroom 5' has been accepted as true and returned as true and the author has been fired, District Robert E. Coyle.

This pleading is signed by respondents as "Secured party third party intervener" for V. Steven Booth and Louise Booth. Attached to this pleading is a copy of the May 25 Order, which copy is stamped:[1]

> I received your offer of attached May 23, 2005. I am accepting your offer as true and I am returning Your offer as true for closure and discharge of this Matter. I am competent to handle my own affairs. I am declaring you incompetent.

---

[1] Respondents filed a similar pleading with respect to the Magistrate Judge's findings and recommendation that the IRS summons be enforced.

1     You are fired.

2 Respondents also filed a pleading captioned:

3       Notice of Acceptance for Value and Returning
        for Value the Order of United States District
4       Judge Robert E. Coyle Dated May 23, 2005
        Pursuant To, But Not Limited To, HJR 192 And
5       In Support of Notice of Appeal of United
        States District Judge's Order Dated May 23,
6       2005.

7 In these pleading, respondents, again acting as "general trustee"

8 asserts that the court's May 24, 2005 Order "has been accepted

9 for value and returned for value pursuant to but not limited to

10 HJR 192."

11     Thereafter, on June 13, 2005, respondents filed a pleading

12 captioned:

13       Notice of Appeal of the District Court's
         Order Dated May 23, 2005.  This Appeal is
14       Made to the Ninth Circuit Court of Appeals

15 The Notice of Appeal to the Ninth Circuit states that the issues

16 for appeal are:

17       1) Whether the District Court had
          jurisdiction to issue the Order dated May 23,
18        2005, the entire record considered.

19       2) Whether the enforcement of the summons is
          a violation of the Respondent/Appellants 5th
20        amendment privilege.

21       3) Whether the court can force the Authorized
          Agent to testify on behalf of the respondent,
22        since the respondent is an artificial entity.

23     Respondents did not move this court for a stay of the

24 Summons Enforcement Order prior to filing the Notice of Appeal to

25 the Ninth Circuit.  Respondents did not file a motion for a stay

26 of the Summons Enforcement Order until August 31, 2005.

4

On June 29, 2005, the United States filed a petition to find respondents in civil contempt for their failure to comply with the May 24 Order. Attached to this petition is a copy of a letter dated June 14, 2005 addressed to respondents from Assistant United States Attorney Himel, wherein it is stated in pertinent part:

> As you know, Judge Coyle ordered you all to appear, produce documents and testify in Judge Beck's courtroom in the United States Courthouse in Fresno on June 17, 2005. The notices of appeal filed in your names have no effect on your obligations to comply with Judge Coyle's order in Fresno this Friday.
>
> If you fail to comply, I can ask the United States District Court to hold you in contempt, have you arrested and brought to Fresno, and not release you from custody until you comply.
>
> By copy hereof, I ask that Mr. Kaia inform Ms. Liascos and Messrs. McCan and Innis of this warning. Thank you for your attention in this matter.

Also attached to the petition is the declaration of Revenue Agent Fred Chynoweth, who avers in pertinent part:

> 4. At the scheduled times on June 17, 2005, respondents failed to appear. Although I called for [sic] respondents Innis and Booth that day to ask whether they intended to appear, they did not return my calls. They neither appeared before me nor contacted me at any time between the Orders and this writing [executed on June 24, 2005], and in particular they never said they were not coming June 17.
>
> 5. The [Internal Revenue] Service keeps records of employee time spent, by date and case. As these records reflect, I spent 6 hours on these four cases on June 16, 2005, and 10 hours on June 17, 2005, for a total

>    for those two days of 16 hours. My gross pay is $38.09 per hour; adding my employer-paid benefits, my agency's total hourly personnel cost for me is $48.45. 16 hours times $48.45 per hour is $775.20 in personnel costs on these cases for those days. A copy of my travel voucher for travel to Fresno for these cases on June 16-17, 2005 is attached ...; it shows a total of $123.94 in travel expenses for the trip to Fresno to receive records and testimony from these respondents. The sum of $775.20 in salary and benefits plus $123.94 in travel expenses is $899.14.
>
>    6. Respondents failure to comply with the Order [sic] continues to the present.
>
>    7. The testimony and the books, records, papers and other data demanded by the summonses still are not in the possession of the Internal Revenue Service.
>
>    8. The testimony and the books, records, papers and other data demanded by the summonses still are needed to determine the correct tax liabilities of Mr. and Mrs. Booth, Aligned Enterprises Trust and Alpha Omega Trust for 1998 through 2002; and of San Joaquin Wellness and Medical Group and Bakersfield Properties and Trust Co. For 2001 and 2002.

Also attached to the petition is the declaration of Assistant United States Attorney Himel, who avers in pertinent part:

>    2. This Court, by Orders filed May 23-25, 2005, directed respondents to appear in Judge Beck's courtroom on June 17, 2005 ... The reason the appearances were to be at Judge Beck's courtroom was to have Judge Beck available to decide any questions of respondents' claims of the privilege against self-incrimination. To give Judge Beck the exact questions as to which the privilege was claimed, the United States office retained a court reporter to appear for all four sessions.
>
>    ...

4. At the scheduled times on June 17, 2005, respondents failed to appear. After the times for appearance by Mr. McCan and Ms. Liascos passed without their appearing, around 9:30 a.m., I called for [sic] respondents Innis and Booth at their workplace to ask whether they intended to appear. They were said to be present but busy. They did not return my calls. They did not call me any time between the Orders and this writing [executed on June 29, 2005], and in particular they never said whether they were coming June 17.

5. I keep records of my time spent on the job. As these records reflect, I spent 7.25 hours on these four cases on June 16, 2005. That time was spent preparing for the respondents' appearances in Fresno, preparing the case files for the trip, taking Amtrak from Sacramento to Fresno, and meeting with the IRS Revenue Agent.

6. I spent 7 hours on June 17, 2005. That time was spent going from the hotel to the federal courthouse, meeting with the IRS Revenue Agent, telephoning the organization where respondents Steven Booth and John Innis work, awaiting respondents at Judge Beck's courtroom, going from the federal courthouse to the Amtrak station, waiting for the train, and taking Amtrak from Fresno to Sacramento. The total for these two days is 14.25 hours.

7. Under the calculation method prescribed by my Department, to arrive at an hourly rate for my work I take the sum of my gross pay of $66.06 per hour, benefits at 23% of gross pay, or $15.19 per hour, and Department overhead of $71.49 per hour. The total rate is $152.74 per hour. For tax cases, I.R.C. § 7430(c)(1)(B)(iii) limits attorney's fees to a figure found in Rev.Proc. 2004-71, Section 3.35, namely $150 per hour. The $150 hourly rate times 14.25 hours comes to $2,137.50 as the cost of my time spent on the cases for the two days.

8. Additionally, a printout of my travel voucher for travel to Fresno for these cases on June 16-17, 2005 ... shows a total of

7

> $197.50 in travel expenses.
>
> 9. Additionally, a copy of the court reporter's bill for $200.00 in appearance fees is attached ...
>
> 10. The sum of the $2,137.50 for my time plus the $197.50 for my travel plus the $200.00 for the court reporter plus the $899.14 in the Declaration of Revenue Agent Fred Chynoweth Re: Civil Content ... is $3,434.14.

On July 15, 2005, the court issued to respondents an Order to Show Cause re Contempt. The Order to Show Cause orders respondents to appear in Courtroom 1 on August 22, 2005 at 1:30 p.m. and show cause:

> 1. Why the respondents, JEAN ANNETTE LIASCOS, LORNE McCAN, V. STEVEN BOOTH, LOUISE Q. BOOTH, and JOHN INNIS, JR., should not be held in civil contempt of this Court for their failure to comply with the 'Orders Deeming Respondent's "Notice of Appeal of Magistrate's Findigs [sic] and Recmmendations [sic]" to Be Objections to Findings and Recommendation; Enforcing IRS Summons and Directing Respondent to Appear on Friday, June 17, 2005 at [times certain] in Courtroom 5' ('Summons Enforcement Orders').
>
> 2. Why the respondents should not be incarcerated and order to pay a daily fine until they comply with the Summons Enforcement Orders, and ordered to pay a compensatory fine to the United States.
>
> IT IS FURTHER ORDERED that on or before Monday, August 8, 2005 the respondents shall file and serve a written response to the 'Petition Re: Civil Contempt of Orders filed May 23-25, 2005.' Only those issues brought into controversy by the responsive papers and supported by declaration will be considered at the hearing on this Order, and any uncontested allegation in the Petition Re: Civil Contempt will be considered admitted.

8

>     Respondents are hereby notified that a
>     failure to comply with this Order will
>     subject respondents to possible further
>     sanctions for contempt of Court.

Since the July 15, 2005 Order was served on respondents, respondents have filed a pleading captioned "Notice of Returning for Cause, Without Dishonor the Court's Order Dated July 15, 2005 Re: Contempt" and/or have returned the served copy of the July 15, 2005 Order marked "returned for cause without dishonor." In addition, respondents filed a pleading captioned:

>     Notice of: Notice of Appeal Filed in Response
>     to the Court's Order Dated May 23-25, 2005.
>
>     Notice That This Court Lacks Jurisdiction To
>     Enforce Its Order Subsequent to Appeal in the
>     Ninth Circuit Court.
>
>     Notice That No Agreement Exists Between
>     Respondent & The Court Authorizing a Civil
>     Contempt & Respondent Does Not Agree To The
>     Terms of the Proposed Agreement Dated July
>     15, 2005 Called An Order.

In this pleading, respondents, signing as the "authorized agent", asserts in pertinent part:

>     By special appearance, only and not intended
>     to constitute an neither [sic] express nor
>     implied waiver of any and all Rights,
>     privileges or otherwise that may exist.
>
>     Authorized agent for [name of specific
>     respondent], notifies the court for purposes
>     of closure and settlement of the account that
>     Notice Of: Notice of Appeal Filed in Response
>     To The Court's Order Dated May 23-25, 2005.
>
>     Notice That This Court Lacks Jurisdiction To
>     Enforce Its Order Subsequent to Appeal In The
>     Ninth Circuit Court.
>
>     Notice That No Agreement Exists Between
>     Respondent & The Court Authorizing A Civil

9

>           Contempt & Respondent Does Not Agree To The
>           Terms Of The Proposed Agreement Dated July
>           15, 2005 Called An Order has been filed for a
>           special appearance, which is scheduled for
>           August 22, 2005, in dept 1 of the Federal
>           Court house [sic], in Fresno, California ....

No other responses to the July 15, 2005 Order to Show Cause have been filed by respondents. As noted, respondents did not appear on August 22, 2005.

### 2. **Merits of Order to Show Cause Re: Contempt**.

#### a. **Jurisdiction**.

Respondents contend that this court lacks jurisdiction to enforce the Summons Enforcement Order by contempt because respondents filed an appeal to the Ninth Circuit.

Respondents' position is without merit. Absent a stay pending appeal, district courts have the authority to enforce their orders including holding parties in contempt while an appeal of the underlying enforcement order is pending. See Maness v. Meyers, 419 U.S. 449, 458-460 (1975); Richmark Corp. V. Timber Falling Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992); In Re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1364 (9th Cir. 1987); 26 U.S.C. 7604(b). Here, because respondents did not apply for and obtain a stay of the Summons Enforcement Order pending the appeal, their failure to comply with the Summons Enforcement Order may be sanctioned by contempt.

#### b. **Necessary Showing to Avoid Contempt**.

If a person disobeys a specific and definite court order, he may properly be adjudged in contempt. Shuffler v. Heritage Bank,

10

720 F.3d 1141, 1146 (9th Cir. 1983).  As explained in In re Crystal Palace Gambling Hall, Inc., supra, 817 F.2d at 1365:

> 'A person fails to act as ordered by the court when he fails to take "all the reasonable steps within [his] power to insure compliance with the [court's] order []."' ... It does not matter what the intent of the appellants was when they disobeyed the court's order ... Moreover, the contempt need not be willful ... Even though '[t]he sole question is whether a party complied with the district court's order,' a party can escape contempt by demonstrating that he is unable to comply ... Although both Crystal Palace and the shareholders appealed, no stay was obtained.  A party cannot disobey a court order and later argue that there were 'exceptional circumstances' for doing so.  This proposed 'good faith' exception to the requirement of obedience to a court order has no basis in law, and we reject the invitation to create such an exception.

The party alleging civil contempt must demonstrate by clear and convincing evidence that the parties to be held in contempt violated the court's orders.  See Federal Trade Comm'n v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999).  The burden then shifts to the alleged contemnors to demonstrate why they were unable to comply.  A party's inability to comply with a court's order constitutes a defense to a charge of civil contempt.  Id.  The purpose of civil contempt is not to punish but "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."  Whittaker Corp. V. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992).  While the court must use the "least possible power adequate to the end proposed," Spallone v. United States, 493

1  U.S. 265, 276 (1990), it also "must consider the character and
2  magnitude of the harm threatened by continued contumacy, and the
3  probable effectiveness of any suggested sanction in bringing
4  about the result desired." Whittaker, id., 953 F.2d at 516.
5  However, footdragging is an important factor in weighing the use
6  of a contempt sanction. See Local 28 of the Sheet Metal Workers'
7  Int'l Ass'n v. EEOC, 478 U.S. 421 476-477 (1986).
8       Here, the record establishes that the United States has
9  demonstrated by clear and convincing evidence that respondents
10 violated the Summons Enforcement Order.  Respondents did not
11 appear on June 17, 2005.  As the court's docket in this case
12 demonstrates, respondents received a copy of the Summons
13 Enforcement Order because respondents filed a pleading stating
14 that the Order "has been accepted as true and returned as true
15 and the author has been fired, Judge Robert E. Coyle" and that
16 respondents are "accepting your offer as true", "returning Your
17 offer as true for closure and discharge of this Matter", that
18 respondents are competent, that Judge Coyle is declared
19 incompetent and that Judge Coyle is "fired".  As the docket in
20 this case demonstrates, respondents received a copy of the Order
21 to Show Cause re: Contempt because respondents filed a pleading
22 returning the Order to Show Cause re: Contempt "for cause without
23 dishonor", and a pleading stating that this court lacks
24 jurisdiction to hold respondents in contempt because of the
25 appeals, and that no agreement exists between the respondents and
26 the court authorizing civil contempt.  However, as ruled above,

12

because respondents did not seek and obtain a stay of the Summons Enforcement Order pending the appeal, the fact of the appeal is no defense to contempt for failure to comply with the Summons Enforcement Order.  Furthermore, respondents' contentions that there must be an agreement between respondents and the court before respondents can be found in contempt for their failure to comply with the Summons Enforcement Order is frivolous.  This court has statutory and inherent authority to compel compliance with its orders issued to parties appearing before it.  Finally, the only defense to the failure to comply with the Summons Enforcement Order is that respondents were unable to comply.  No such showing has been made to this court.

Therefore, the United States has carried its burden of establishing by clear and convincing evidence that respondents V. Steven Booth and Louise Q. Booth are in civil contempt of this court by their failure to comply with the Summons Enforcement Order.

### c. **Appropriate Sanction**.

The United States petitions the court to order coercive confinement of respondents until respondents have complied with the Summons Enforcement Order and to impose a compensatory fine of $686.00 on each respondent.[2]

### I. **Coercive Confinement**.

---

[2] The amount sought to be imposed on respondents as a compensatory fine represents each respondent's one-fifth share of the total expenses incurred by the United States and described in detail supra.

13

1        18 U.S.C. § 1826 provides in pertinent part:

>   (a) Whenever a witness in any proceeding before or ancillary to any court ... refuses without just cause to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of -
>
>       (1) the court proceeding ....
>
>       ...
>
>   before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.
>
>   (b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. ....

The court concludes from the record before it that coercive confinement pursuant to Section 1826 is an appropriate sanction to impose upon respondents for their failure to comply with the Summons Enforcement Order. The record demonstrates that respondents refuse to comply with orders of this court, including refusing to appear at the Order to Show Cause hearing. Respondents' refusals to comply with court orders are couched in terms establishing respondents disregard for the authority of this court and evidences that their refusal to comply with the Summons Enforcement Order is a deliberate decision on respondents

14

1 part.  The court is persuaded that the harsh sanction of
2 confinement is the only vehicle most likely to coerce respondents
3 into complying with the Summons Enforcement Order.

### ii. **Fines**.

As noted, the United States also seeks a compensatory fine against these respondents in the amount of $1,372.00.

Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior or both.  United States v. United Mine Workers, 300 U.S. 258, 303-304 (1947).  Compensatory awards are limited "to actual losses sustained as a result of the contumacy."  Shuffler v. Heritage Bank, supra, 720 F.2d at 1148.

The court concludes from its review of the declarations filed by the United States and the exhibits attached thereto that the amount requested by the United States represents the losses sustained by the United States as a result of respondents' contumacy.  The court further concludes that the sanction imposed on respondents for their civil contempt in failing to comply with the Summons Enforcement Order will also include a monetary award to compensate the United States for each respondent's one-fifth share of the losses sustained by AUSA Himel, Special Agent Chynoweth, and the United States in preparing to attend and attending the summons enforcement proceeding scheduled for respondent on June 17, 2005.

ACCORDINGLY:

15

1. Respondents V. Steven Booth and Louise Q. Booth are found to be in civil contempt of this court by their failure to comply with the Summons Enforcement Order.

2. Respondents V. Steven Booth and Louise Q. Booth shall stand committed to and shall be confined in the Fresno County Jail until they purge themselves of contempt by complying with the Summons Enforcement Order, the termination of the action, or eighteen months, whichever is earlier, unless sooner discharged from such confinement by due process of law.

3. Warrants of arrest shall now issue in due form for the arrest of respondents V. Steven Booth and Louise Q. Booth directed to the United States marshal for the United States District Court for the Eastern District of California, Fresno Division, and that, when arrested by the marshal, respondents V. Steven Booth and Louise Q. Booth be brought before the Court for a further hearing to determine whether respondents V. Steven Booth and/or Louise Q. Booth have complied with the Summons Enforcement Order.

4. Respondents V. Steven Booth and Louise Q. Booth shall be entitled to the services of appointed counsel at any further proceedings in connection with this civil contempt proceeding if he or she establishes that he or she is indigent and, therefore, entitled to appointed counsel.

5. Respondent V. Steven Booth shall pay a compensatory fine in the amount of $686.00 to the United States of America, to be paid to the United States Attorney for the Eastern District of

16

California.

    6.   Respondent Louise Q. Booth shall pay a compensatory fine in the amount of $686.00 to the United States of America, to be paid to the United States Attorney for the Eastern District of California.

    IT IS SO ORDERED.

**Dated:  September 6, 2005**          **/s/ Robert E. Coyle**
668554          UNITED STATES DISTRICT JUDGE