IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CV-F-05-290 REC |
| ) | |
| ) | ORDER GRANTING PETITIONER'S |
| ) | MOTION TO COMPEL PAYMENT OF |
| Petitioner, ) | TRANSCRIPTS (Doc. 33) |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| V. STEVEN BOOTH and LOUISE ) | |
| Q. BOOTH, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

On August 22, 2005, the court heard petitioner's Motion to Compel Payment of Transcripts.  No opposition was filed by respondents and respondents did not appear at oral argument.

Upon due consideration of the record and the arguments of petitioner, the court grants this motion for the reasons set forth herein.

Respondents appealed the Summons Enforcement Order to the Ninth Circuit on June 13, 2005.

Rule 10, Federal Rules of Appellate Procedure, and Rule

1

10.1, Ninth Circuit Rules, pertain to the record on appeal.  Rule 10(a) and Rule 10-3.1(a) require that an appellant must order from the reporter all portions of the transcript not already on filed that the appellant believes necessary for the appeal or file a certificate that no transcript will be ordered within ten days after filing the notice of appeal.  According to the United States, respondents have not complied with these requirements.  On July 1, 2005, the United States designated the transcript of proceedings held before Magistrate Judge Beck on May 6, 2005 as necessary for the defense of the appeals pursuant to Rule 10-3.1(d).  Rule 10-3.1(d) provides that, within 30 days of the filing of the notice of appeal, the appellant shall file a transcript order in the district court, providing a copy to the court reporter and the Court of Appeals and that

> In order the transcripts, appellant shall either order all portions of the transcript listed by both appellant and appellee or certify to the district court pursuant to subsection (f) of this rule that the portions listed by appellee in the response to appellant's initial notice are unnecessary.

According to the United States, respondents failed to comply with Rule 10-3.1(d), even after the United States served respondents with a notice describing these rules and setting forth the dates of compliance.

The United States moves the court to order respondents to pay for the May 6, 2005 transcript designated by the United States as necessary to defend these appeals.  Rule 10-3.1(f) provides in pertinent part:

> If appellee notifies appellant that additional portions of the transcript are required ..., appellant shall make arrangements with the court reporter to pay for these additional portions unless appellant certifies that they are unnecessary to the appeal and explains why not.
>
> If such a certificate is filed in the district court, with copies to the court reporter and this court, the district court shall determine which party shall pay for which portions of the transcript ....

In moving for an order that respondents pay for the May 6, 2005 transcript, the United States notes that respondents did not comply with Rule 10-3.1(f) by filing the certification that the transcript ordered by the appellee was unnecessary. As the United States argues:

> The present appeal notices were mere pretexts for delay. They were a transparent attempt to frustrate the Orders instructing the respondents-appellants to appear in Judge Beck's courtroom on June 17, 2005 and comply with the IRS summonses. In that courtroom, respondents-appellants could have asserted their self-incrimination claims in response to specific questions, and could have had those claims tested before Judge Beck. But respondents-appellants filed their appeal notices June 13, 2005, just four days before they were to appear, and on June 17 they refused to appear, delaying their compliance with the Orders. Their appeal notice on its face belies any seriousness in the appeal, for respondents-appellants, who are individuals, there make the incredible contention that this Court cannot force them to testify 'since the respondent is an artificial entity.' ... That the respondents-appellants refuse to perfect their appeals as required by FRAP 10 and 9th Cir.R. 10-3.1, only confirms their appeals' lack of seriousness. Should respondents-appellants refuse to comply with the compulsive order sought here, their cavalier behavior toward

3

<pre>
             the requirements for perfecting an appeal may
             help convince the Ninth Circuit to dismiss
             their appeal.
</pre>

Because respondents have not complied with the above-quoted rules and has made no showing to this court that this motion should not be granted, the court rules that this motion be granted.

ACCORDINGLY:

1. Petitioner's Motion to Compel Payment of Transcripts is granted.

2. Within ten (10) court days of the filing date of this Order, respondents shall order and pay for the transcript of the hearing held before Magistrate Judge Beck on May 6, 2005.

IT IS SO ORDERED.

**Dated:  September 7, 2005**               /s/ Robert E. Coyle
668554                                      UNITED STATES DISTRICT JUDGE

4