McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Petitioner, UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:05-cv-290-OWW-DLB |
| Petitioner, | **STIPULATION AND ORDER FOR COMPROMISE SETTLEMENT** |
| v. | |
| V. STEVEN BOOTH and LOUISE Q. BOOTH, | |
| Respondents. | |

The parties hereby stipulate, subject to the approval of the Court as provided for hereon, as follows:

1. This stipulation is for a compromise and settlement of the United States' pending motion, filed July 24, 2006, for a further civil compensatory fine. The motion was premised on respondents' civil contempt, adjudged by Order filed September 6, 2005. The contempt was of the Order filed May 25, 2005, which enforced Internal Revenue Service summonses issued by IRS Revenue Agent Fred Chynoweth for the purpose of determining the existence and amount of tax liabilities, if any, for V. Stephen Booth and Louise Booth, the San Joaquin Wellness Medical Group, Aligned Enterprises Trust and Alpha Omega Trust for the tax years of 1998, 1999, 2000, 2001 and 2002. No issue of the existence or amount of any tax liabilities was litigated or litigable in this summons enforcement proceeding. The issue in the

motion was whether and how much respondents should compensate the United States for amounts it had expended in issuing and enforcing the IRS summonses.

The parties to this Stipulation desire to settle any claim or dispute they may have against each other regarding the above referenced motion, and the parties understand and agree that nothing herein shall be construed as an admission and concession of liability or fault on the behalf of the Booths, and that the parties simply intend to avoid further litigation concerning this motion.

2.  The motion for further civil compensatory fine is the only issue pending in this case, and its disposition disposes of all of the claims and parties in the action under Fed. R. Civ. P. 54(b).  Therefore final judgment may be entered on this stipulation and order.

3.  The total amount of the settlement is $11,500.  No tax liability could be in issue in this proceeding or be compromised by this settlement, nor does the United States contemplate applying any part of the amount to any tax liability (except possibly, in the sole discretion of the Internal Revenue Service, to assessments created under I.R.C. § 6673(b)(2)).  In this tax summons enforcement case, brought in aid of tax determination, the $11,500 is a monetary sanction for costs awarded to the United States and against respondents.

4.  Of the $11,500, respondents, V. Steven Booth and Louise Q. Booth, shall pay $5,000 from their counsel's client trust account, payable to the United States of America, identified to this case.  That payment was received by  the United States Attorney's Office in Fresno, California, on January 30, 2007.  The United States Attorney's Office may, in its sole discretion, treat the $5,000 as attorney's fees, expenses and costs.

5.  Of the $11,500, the remaining $6,500 shall be paid to the Internal Revenue Service in Bakersfield, California.

Dated:  February 5, 2007

McGREGOR W. SCOTT
United States Attorney

By: */s/ Y H T Himel*
YOSHINORI H. T. HIMEL
Assistant U. S. Attorney
Attorneys for Petitioner

Dated: February ____, 2007                          FLETCHER & FOGDERUDE

                                            By: _____
                                                ERIC K. FOGDERUDE
                                                Attorneys for Respondent
                                                V. Steven Booth


Dated: February 7, 2007                          */s/ Katherine L. Hart*
                                                KATHERINE L. HART
                                                Attorney for Respondent
                                                Louise Q. Booth


## ORDER

It is APPROVED and SO ORDERED.

DATED: 2/9/2007           /s/ Oliver W. Wanger
                          UNITED STATES DISTRICT JUDGE